NicholsoN, Ch. J.,
delivered the opinion of the court.
Smith & Shoemaker sued McGhee & Powell, in trespass, for taking and carrying away, and converting to their own use, a steam engine and other personal property. The trespass is alleged in the declaration to have been committed on the 1st of July, 1862.
Defendants put in three pleas — not guilty — that the trespass was not committed within three years before the adoption of the amended Constitution of the State of Tennessee; and that they had not been guilty of the wrongs complained of within three years next before the 6th of May, 1861.
Complainants took issue on the first and third pleas and demurred to the second. For causes of demurrer to the second plea, plaintiffs show that said plea is frivolous and immaterial, and that it is uncertain, inasmuch as it does not specify which amendment of the Constitution is referred to.
Upon argument, the court sustained the demurrer, and this is the first error relied on for reversal. There was no error in this ruling of the court. The declaration alleged that the trespasses were committed on the 1st of July, 1862. The plea was that defendants did not commit them within three years before the adoption of the amended Constitution of Tennessee. If the amended Constitution of 1865 was referred to by the plea, .then the plea was immaterial, as it appeared by the declaration three years had not elapsed from the time of committing the trespasses until the *317 adoption of the amended Constitution of 1865, nor until the commencement of the suit. But it does not appear from the plea what amendment of the Constitution was referred to, and for uncertainty it was de-murrable.
The next error relied on for reversal is, that the Judge gave an erroneous charge to the- jury on the subject of damages. Among other things not excepted to, the court charged the jury, “that they were the exclusive judges of the amount of damages that should be allowed,- if any, and might allow any sum they might agree upon not exceeding the amount claimed.”
This embraces all the instructions given to the jury on the subject of damages. A reference to the evidence as to the value of the property alleged to have been taken shows much conflict among the witnesses. It. was a case that called specially for definite instructions from the Judge as to the law applicable to the conflicting evidence. It was manifest error in such a case to withhold from the jury those rules which the law prescribes as to weighing evidence and applying it to the conflict among witnesses, which marked the testimony given to the jury. It was error to leave the jury to agree upon any amount not exceeding that claimed without regard to the evidenee in the case.
For this error the judgment is reversed.